# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

JAMES H.R. WINDELS
212 450 4978
JAMES.WINDELS@DPW.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 8 2007

September 25, 2007

Honorable George B. Daniels
United States District Judge
United States District Court
 for the Southern District of New York
United States Courthouse
500 Pearl St., Room 630
New York, NY 10007

> Re: **Herbert Francl, derivatively on behalf of Rambus Inc. v. PricewaterhouseCoopers, defendant, and Rambus Inc., nominal defendant, No. 07 Civ. 7650 (GBD)**
>
> **Request for Extension of Time**

Dear Judge Daniels:

    We represent PricewaterhouseCoopers, LLP ("PwC"), defendant in the above-referenced matter. Enclosed please find (1) Notice of Motion of PricewaterhouseCoopers LLP to Transfer the Action, with the accompanying Declaration of Daniel Zwarn, dated Sept. 25, 2007 and the declaration of Brooke Grossman, dated Sept. 25, 2007; and (2) Memorandum of Law of PricewaterhouseCoopers LLP in Support of Its Motion to Transfer the Action. The parties have agreed that Plaintiff will respond to the motion on October 16, and PwC will reply on October 23.

    We are also writing on behalf of both PwC and nominal defendant Rambus Inc. to request that the date to respond to the complaint be further extended until after Your Honor resolves the transfer motion. On September 18, the parties submitted a stipulation and order to Your Honor providing that defendants would respond to the complaint on October 2. Plaintiff has not agreed, however, to a further extension pending resolution of the transfer motion.

Hon. George B. Daniels                 2                 September 25, 2007

       In this derivative complaint, Plaintiff, a shareholder of Rambus, claims that PwC, Rambus' independent auditor, knew or should have known that Rambus was improperly backdating its grants of stock options, that PwC breached Generally Accepted Auditing Standards ("GAAS") in its audits of Rambus, and that PwC issued erroneous and misleading audit opinions concerning Rambus' financial statements.

       As set forth in PwC's motion to transfer, the allegations in this case are closely related, and in many instances identical, to issues already being litigated in a series of cases pending in the U.S. District Court for the Northern District of California. Starting in May 2006, other shareholders of Rambus filed several derivative actions against Rambus and certain of its officers and directors regarding alleged stock option backdating, which have been consolidated before the Honorable Jeremy Fogel. Also pending before Judge Fogel are a federal securities law class action and a separate securities law case brought by three plaintiffs which assert claims against Rambus, PwC and other defendants relating to the same alleged backdating. The <u>Francl</u> case assigned to Your Honor and the derivative and federal securities law cases before Judge Fogel each deal with some or all of the following issues – whether there was illegal stock options backdating at Rambus, who was involved in it, when it occurred and its extent and effect, whether PwC was aware or should have been aware of it, and whether PwC breached GAAS or issued misleading audit opinions.

       Based on the litigation already pending, and because Rambus, the PwC office which conducted the audits of Rambus, and a number of key witnesses are all located in the Northern District of California, PwC submits that the grounds for transfer of the <u>Francl</u> case to that District are compelling. Accordingly, PwC proposed to Plaintiff that the date to respond to the complaint (and thus the briefing on PwC's anticipated motion to dismiss) be postponed until after Your Honor has ruled on the transfer motion. We submit that such a process would be far more efficient and avoid potentially inconsistent resolution of similar issues between the two courts, than if PwC was required to file and litigate its motion in this Court, only to refile and relitigate the motion in the Northern District of California should the case be transferred.

       PwC and Rambus thus respectfully request that Your Honor extend the time for them to respond to the complaint until 20 days after Your Honor's resolution of the motion to transfer. If this is acceptable to Your Honor, please so order this letter.

                                                   Respectfully yours,

                                                   *[signature]*

                                                   James H.R. Windels

Hon. George B. Daniels     3     September 25, 2007

cc:    Brian Murray, Esq.
Murray, Frank & Sailer LLP
275 Madison Ave., 8th Floor
New York, NY 10016

John G. Emerson, Jr., Esq.
Emerson Poynter LLP
The Museum Center
500 President Clinton Ave., Ste 305
Little Rock, AR 72201

Counsel for Plaintiff

Ignacio Salceda, Esq.
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304

Gideon A. Schor, Esq. (GS 5932)
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022
(212) 999-5800

Counsel for Nominal Defendant Rambus, Inc.

SO ORDERED:
Date 9/27/07

Hon. George B. Daniels
United Stated District Judge