UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| HERBERT FRANCL, Derivatively on Behalf of RAMBUS INC., | : : : : |
| Plaintiff, | : : |
| v. | : : |
| PRICEWATERHOUSECOOPERS LLP, | : CASE NO. 07-CIV-7650 (GBD) |
| Defendant, | : : |
| -and- | : |
| RAMBUS INC., a Delaware Corporation, | : : |
| Nominal Defendant. | : : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW BY NOMINAL DEFENDANT RAMBUS INC.
IN SUPPORT OF
<u>PRICEWATERHOUSECOOPERS LLP'S MOTION TO TRANSFER</u>**

Gideon A. Schor, Esq.
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019
(212) 999-5800
gschor@wsgr.com

*Attorneys for Nominal Defendant
Rambus Inc.*

Nominal defendant Rambus Inc. ("Rambus") hereby joins in the reply filed by defendant PricewaterhouseCoopers LLP ("PwC") in support of its motion to transfer. In addition to joining the arguments made in PwC's reply explaining why transfer to the United States District Court for the Northern District of California is appropriate, Rambus again wishes to emphasize that transfer is in the best interests of Rambus as well.

In its joinder to PWC's transfer motion, Rambus explained that, in addition to the reasons given by PwC, transfer of this action is appropriate because it is not in Rambus's best interests to litigate this action in a remote forum, separately from the other earlier-filed actions relating to the same subject matter. Plaintiff has not bothered to address the interests of Rambus – the real party in interest – in his opposition to PwC's motion.

A shareholder plaintiff's capacity to sue derivatively is premised on his obligation to act in the company's best interests. *See* FRCP 23.1. Consolidated derivative actions, consolidated class actions, and two consolidated individual actions, all based on allegations of mispricing of Rambus stock option grants, have long been pending in the District Court for the Northern District of California, where Rambus is headquartered and its personnel largely based. It makes no sense for Rambus, on whose behalf Plaintiff purports to act, to litigate this factually and legally similar action before a different court that is remote and inconvenient. *See Nizin v. Bright*, 342 F. Supp. 489, 491 (S.D.N.Y. 1972) (granting motion to transfer derivative action and noting that the corporation "joins in support of a transfer seeking to avoid unnecessary expense and inconvenience by having to defend in two forums"). Plaintiff's failure to address Rambus's interest is telling but not surprising given that it is manifestly not in Rambus's interest for this case to proceed in this District.

Finally, the Court has already ruled that the parties need not respond to the Complaint before resolution of the transfer motion, and Rambus joins in PwC's argument that the Court should adhere to that ruling. Rambus believes that, as explained by PwC, the interests of judicial economy and efficiency for the parties would best be served if the Court first decides the question of venue for this action.

Accordingly, Rambus respectfully requests that PwC's transfer motion be granted.

DATED: October 30, 2007

WILSON SONSINI GOODRICH & ROSATI

By:    /s/ Gideon A. Schor
Gideon A. Schor (GS-5932)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019
(212) 999-5800

Boris Feldman
Douglas J. Clark (DC-8309)
Ignacio E. Salceda
Wilson Sonsini Goodrich & Rosati
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Attorneys for Nominal Defendant
Rambus Inc.