UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HERBERT FRANCL, Derivatively on
Behalf of RAMBUS INC.,

                Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP,

                Defendant,

    -and-

RAMBUS INC., a Delaware Corporation,

                Nominal Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CASE NO. 07-CIV-7650 (GBD)


## REPLY MEMORANDUM OF LAW OF PRICEWATERHOUSECOOPERS LLP IN SUPPORT OF ITS MOTION TO TRANSFER THE ACTION

James H.R. Windels, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT...................................................................................................................................2

I.  PLAINTIFF HAS FAILED TO OVERCOME THE PRESUMPTION OF
    TRANSFER UNDER THE FIRST-FILED RULE................................................. 2

   A.  The California and New York Cases Are Closely Related........................ 2

       1.  The Parties and Claims. ................................................................. 2

       2.  The Underlying Facts..................................................................... 4

   B.  The Balance of Conveniences Strongly Favors Transfer. ......................... 5

       1.  California Witnesses. ..................................................................... 6

       2.  Lack of Meaningful Connections to New York............................. 7

II. THIS COURT SHOULD NOT CHANGE ITS RULING DEFERRING PWC'S
    RESPONSE TO THE COMPLAINT ................................................................... 9

CONCLUSION............................................................................................................10

# TABLE OF AUTHORITIES

PAGE

**Cases**

*APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664 (S.D.N.Y. 1999) .................................................................................................................. 10

*Bombardier Capital Inc. v. Solomon*, No. 00 Civ. 0848 (RMB), 2000 U.S. Dist. LEXIS 16711 (S.D.N.Y. Nov. 17, 2000) ................................................................ 7

*Dahl v. HEM Pharmaceuticals Corp.*, 867 F. Supp. 194 (S.D.N.Y. 1994) ..................... 3, 4

*Dostana Enters. LLC v. Federal Express Corp.*, No. 00 Civ. 0747 (RWS), 2000 U.S. Dist. LEXIS 11726 (S.D.N.Y. Aug. 16, 2000) ...................................................... 7

*Fuji Photo Film Co. LTD v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006) ........................................................................................................................ 3

*Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161 (S.D.N.Y. 1992) .................................................................................................................... 2, 5

*Mastercard Int. Inc. v. Lexcel Solutions, Inc.* No. 03 Civ. 7157 (WHP), 2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. Jun. 18, 2004) ..................................................... 3, 6

*Seinfled v. Bartz*, No. 00 Civ. 5195 (DC), 2001 U.S. Dist. LEXIS 7168 (S.D.N.Y. Jun. 5, 2001) ........................................................................................................... 7

*Steinhardt Partners v. Smith Barney*, 716 F. Supp. 93 (S.D.N.Y. 1989) ........................... 6

*Tucker Anthony, Inc. v. Bankers Trust Co.*, No. 93 Civ. 0257 (SWK), 1994 U.S. Dist. LEXIS 128 (Jan. 10, 1994) ............................................................................. 3

*Vangarelli v. Witco Corp.*, No. 90 Civ. 6794 (LLS), 1991 U.S. Dist. LEXIS 1721 (S.D.N.Y. Feb. 13, 1991) ........................................................................................ 3

*Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 U.S. Dist. LEXIS 6470 (S.D.N.Y. Feb. 21, 2006) ............................................................................... 3

# REPLY MEMORANDUM OF LAW OF PRICEWATERHOUSECOOPERS LLP IN SUPPORT OF ITS MOTION TO TRANSFER THE ACTION

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this reply memorandum of law in support of its motion to transfer this action from the U.S. District Court for the Southern District of New York to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

In his opposition Plaintiff fails to overcome the strong presumption that this case should be transferred to the Northern District of California, where a number of similar actions have previously been filed and are being litigated, where the underlying transactions and events occurred, where the largest number of witnesses are located, and where PwC's audits – which are specifically challenged by Plaintiff in this case – were performed.

Plaintiff's argument that transfer is not warranted because PwC is not a party to the derivative cases pending in California misreads the relevant cases and misses the overall point: the factual overlap between the derivative cases in California and New York is substantial, and the principal party in interest in both is *Rambus*. Under these circumstances transfer is certainly warranted.

Finally, Plaintiff's attempt to create connections between the instant case and New York proves groundless in light of the actual facts. Plaintiff speculates that considerable activity relevant to the Rambus audits took place at PwC's New York office; in fact, this is not the case. As established by declarations of the PwC audit

engagement partner overseeing the audits of Rambus, the relevant audits were staffed and performed out of PwC's offices in the Northern District of California with no known involvement of PwC's New York office during the relevant period.

PwC accordingly submits that its motion to transfer should be granted.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO OVERCOME THE PRESUMPTION OF TRANSFER UNDER THE FIRST-FILED RULE.

Plaintiff does not dispute that where related litigation is pending in more than one court, there is a presumption that the court with possession of the first-filed action should decide all of it, "absent the showing of balance of conveniences . . . or special circumstances . . . giving priority to the second." *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161 (S.D.N.Y. 1992). While not disputing this presumption, Plaintiff makes the groundless arguments that the cases in California – which are based on the very same transactions and occurrences – are not sufficiently "related" to the instant action and that the balance of conveniences actually favors the New York forum. Neither of these arguments has merit, and Plaintiff has accordingly failed to meet his burden of overcoming the strong presumption of transfer in this case.

#### A. The California and New York Cases Are Closely Related.

##### 1. The Parties and Claims.

In arguing that PwC is not a party to the derivative cases pending in the Northern District of California and thus transfer is unwarranted, Plaintiff ignores that the true party in interest in both the California and New York cases is *Rambus* and that courts routinely grants transfer motions where one party is centrally involved in both sets of actions. *See Tucker Anthony, Inc. v. Bankers Trust Co.*, No. 93 Civ. 0257 (SWK), 1994 U.S. Dist.

LEXIS 128 (Jan. 10, 1994) (finding transfer appropriate where the plaintiff, but not the defendant, was a party in two related actions in the transferee forum); *Vangarelli v. Witco Corp.*, No. 90 Civ. 6794 (LLS), 1991 U.S. Dist. LEXIS 1721 (S.D.N.Y. Feb. 13, 1991) (holding that transfer is warranted where the defendant, but not the plaintiff, was a party in two related actions in the transferee forum) . Plaintiff cites no case, however, for the proposition that transfer is inappropriate where the parties are not wholly identical.

Moreover, the key issue in the cases cited by PwC in its opening brief is not whether they involve the same parties, but whether they involve the same underlying facts, transactions and occurrences. *See Fuji Photo Film Co. LTD v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y. 2006) (transferring action where related litigation involved different patents but similar underlying factual issues); *Mastercard Int. Inc. v. Lexcel Solutions, Inc.* No. 03 Civ. 7157 (WHP), 2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. Jun. 18, 2004) (transferring action where related litigation involved different legal claims but the same underlying facts); *Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 U.S. Dist. LEXIS 6470 (S.D.N.Y. Feb. 21, 2006) (transferring action where related litigation involved the same underlying factual occurrences).

Here, each of the actions now pending in California – the derivative litigation, the class action litigation, and the action brought pro se by certain Rambus shareholders – seeks redress for the financial losses purportedly suffered as a result of the alleged backdating of stock option grants at Rambus over a ten-year period. Plaintiff makes no argument that legal responsibility for harm caused by these very same transactions is not at the heart of all of these cases. Transfer is therefore appropriate. *See Dahl v. HEM Pharmaceuticals Corp.*, 867 F. Supp. 194, 197 (S.D.N.Y. 1994) ("the issue is *not*

whether identical causes of action have been pled in the two actions but whether they hinge upon the same factual nuclei") (emphasis in original).[1]

### 2. The Underlying Facts.

In order to disassociate his case from the California actions, Plaintiff vastly oversimplifies and mischaracterizes the factual issues that he will need to prove to prevail. There can be no doubt upon review of the pleadings in the respective cases that both the California and New York derivative actions are brought on behalf of the same company (Rambus), involve the same transactions and occurrences (backdated options grants) over the same general time period (1998-2005), assert the same errors in the company's financial statements as a result of the transactions, and seek the same redress for harm as a result of the transactions. Plaintiff's statement that "there will be little if any overlap between the cases" (see Plaintiff's Memorandum of Law in Opposition to PwC's Motion to Transfer ("Plaintiff's Mem.") at 7-8) is fatuous in this overall context.

While Plaintiff argues that the issues in the New York case will be different because Rambus has already admitted "backdating" and "improper accounting" (*see* Plaintiff's Mem. at 7-8) and thus the New York case will focus solely on PwC, he is flatly wrong. Although Rambus has publicly disclosed aggregate information regarding the scope of backdating and accounting errors, Plaintiff will still need to identify which

---

[1] Plaintiff is wrong in suggesting that the status of the California actions militates against transfer. Plaintiff's assertions notwithstanding, those actions are quite active. While a motion to terminate the California derivative actions has been filed against some defendants, that motion will be contested and in any event does not apply to claims against one of the company's former officers. Plaintiffs in that case have also informed the California court that they intend to amend their complaint, and the pro se plaintiffs have similarly been given leave to file a revised complaint against PwC and others. *See* Order Granting Motion to Dismiss With Leave to Amend, dated October 15, 2007, attached as Exhibit 1 to Declaration of Brooke Grossman ("Grossman Decl."), submitted herewith. With respect to the class action litigation, a settlement agreement has been reached in principle, but that agreement has not yet been presented to the court. *See Dahl*, 867 F. Supp. at 196-97 (holding that the interests of justice warranted transfer despite the fact that the action in the transferee forum had already been disposed of, on grounds that the judge had gained institutional knowledge of the facts underlying the action).

specific grants were backdated, how the backdating occurred, who at the company was involved, what information the company provided to PwC relating to the grants, and why he believes PwC should be liable for failing to identify the backdating. Plaintiff has no basis on which to challenge PwC's audits without this level of factual detail as to what occurred within the company.

Rambus has disclosed, moreover, that certain of the backdating was done intentionally by its former employees, not due to administrative error, and that as a result certain documents provided to PwC were not factually accurate. *See* Rambus Form 10-K for fiscal year December 31, 2006, filed on September 14, 2007 at 59 (Grossman Decl., Ex. 2). Discovery into the facts underlying this statement – including which former officers were aware of the backdating, which of the documents relied on by PwC were false and whether false management representations were similarly made to PwC – will be required in both the New York and California cases.

In short, for Plaintiff to say that there will be minimal factual overlap between the cases, or that minimal discovery will be needed from Rambus in the instant case, is both unrealistic and disingenuous. The actions are in fact very closely related, and there is accordingly a presumption that the instant action should be transferred to the Northern District of California unless the "balance of conveniences… or special circumstances… giv[e] priority to the second." *Manufacturers*, 798 F. Supp. at 166.

B.  **The Balance of Conveniences Strongly Favors Transfer.**

Plaintiff's arguments that this case would be more convenient to litigate in New York than in California – notwithstanding the similar cases pending there – are based on

incorrect facts and fail to overcome the presumption of transfer to California. *Mastercard*, 2004 U.S. Dist. LEXIS 10906 at *23.

### 1. California Witnesses.

Contrary to Plaintiff's arguments, it is highly likely that considerable discovery will need to be taken from Rambus, including depositions of Rambus personnel, and that Rambus personnel will be necessary witnesses at trial. Similarly, the PwC auditors who worked on the Rambus audits during the years in question worked in California. *See* Declaration of Daniel Zwarn, dated September 25, 2007 ("Zwarn Decl.") at ¶¶ 2-4, 9. Accordingly, for the convenience of witnesses, transfer of this case to California is warranted. *See Steinhardt Partners v. Smith Barney*, 716 F. Supp. 93 (S.D.N.Y. 1989).

Plaintiff's argument that one of PwC's witnesses, the engagement partner Daniel Zwarn, currently resides in New Jersey does not impact the overall convenience of the potentially numerous witnesses who reside in California and the objective of avoiding duplicative and inconsistent testimony by combining the cases. Mr. Zwarn lives in New Jersey in any event, not in the Southern District of New York, and is but one of many witnesses PwC intends to call. As discussed below, while Plaintiff references a number of hypothetical witnesses purportedly located in New York, he submits no affidavit to support such assertions, and PwC is unaware of any such witnesses. *See supra* at 8.

Plaintiff's claim that PwC will not be inconvenienced by litigating this action in the Southern District of New York because this is PwC's "home forum" is wrong both on the facts and in terms of its legal implications. First, it is not "PwC" but individuals that will testify in this action. Second, PwC's work on the Rambus engagement was performed out of PwC's San Jose office, and all of the original documents are located in California. *See* Zwarn Decl. ¶¶ 3-4, 9. *See Steinhardt*, 716 F. Supp. at 95 (transferring

6

case where the operative facts and original documents were located in the transferee forum, despite the fact that the company was headquartered in the transferor forum).

Finally, Plaintiff's contention that transfer should be denied because he "is a small individual investor who is suing one of the world's largest accounting firms" (*see* Plaintiff's Mem. at 13) also fails. As courts in this district have recognized, "a party arguing for or against transfer on these grounds must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." *Dostana Enters. LLC v. Federal Express Corp.*, No. 00 Civ. 0747 (RWS), 2000 U.S. Dist. LEXIS 11726, at *11 (S.D.N.Y. Aug. 16, 2000). Plaintiff here offers no such evidence. Even if he had done so, transfer would still be warranted because Plaintiff's choice of forum is entitled to less deference in a derivative action, *Seinfled v. Bartz*, No. 00 Civ. 5195 (DC), 2001 U.S. Dist. LEXIS 7168, at *11-12 (S.D.N.Y. Jun. 5, 2001), and because "when one party is 'already inconvenienced' by having to fly far from home, a § 1404(a) transfer to a more distant forum . . . does not establish the relative inconvenience(s) of litigation." *Bombardier Capital Inc. v. Solomon*, No. 00 Civ. 0848 (RMB), 2000 U.S. Dist. LEXIS 16711, at *16 (S.D.N.Y. Nov. 17, 2000). Here, Plaintiff is already in a different country and an ocean away from his chosen forum. By contrast, Rambus – on whose behalf he is nominally suing and the PwC offices that performed the audit services in question are both located squarely in the proposed transferee district.

### 2. Lack of Meaningful Connections to New York.

Plaintiff baselessly concocts connections between PwC's New York corporate headquarters and this case. First – without any factual support – Plaintiff asserts that "various professionals located in PwC's New York offices will be material witnesses.

They are expected to testify about PwC's audit manual as it relates to audit testing, accounting and tax issues related to stock options, and any specialized knowledge provided to staff auditors in the field." Plaintiff's Mem. at 11. Plaintiff has not submitted *any* factual support for this bald assertion, nor can he. Even if there are PwC employees who reside in the Southern District of New York and are capable of testifying to these issues, they are by no means necessary or required witnesses: PwC's audit manual is available and utilized throughout the country, and PwC's New York employees are not uniquely positioned to testify as to these issues. *See* Reply Declaration of Daniel Zwarn, dated October 30, 2007, filed in support of PwC's Reply Motion to Transfer ("Zwarn. Reply Decl.") at ¶ 4.

Next, Plaintiff makes equally speculative, and incorrect, claims that PwC's engagement agreements with Rambus contain choice of law and choice of forum clauses (Plaintiff's Mem. at 9); that relevant books, records, and documentary evidence reside in PwC's headquarters in New York (*id.* at 11, 13); that PwC received substantial compensation in New York in connection with services provided to Rambus (*id.* at 14); and "that issues arose in the context of PwC's provision of those services that required consultations with specialists or experts located in PwC's New York headquarters" (*id.*). In fact, Plaintiff goes as far as to assert that the operative facts of this case took place not only in California but also in New York. *Id.* at 13.

Plaintiff has no basis for representing these matters to the Court, and in fact he is wrong on virtually all of them. Daniel Zwarn, the PwC engagement partner on the Rambus audits, has submitted two declarations attesting that the Rambus audits and audit work were performed out of PwC's offices in California (Zwarn Decl. ¶¶ 3-4, 9); the

8

engagement letters contain no choice of law or forum selection clauses (Zwarn Reply Decl. ¶ 8);[2] PwC's audit manuals are available on its intranet throughout the country (Zwarn Reply Decl. ¶ 4); relevant documentary evidence relating to the Rambus audits is not stored in PwC's New York headquarters (Zwarn Reply Decl. ¶ 5); Rambus' payment of audit fees to PwC were made to a PwC lockbox located in Pasadena, California (Zwarn Reply Decl. ¶ 6); and, to the best of his knowledge, no consultations relating to stock options accounting occurred with New York personnel prior to 2006, once Rambus had identified potential backdating (Zwarn Reply Decl. ¶ 7).

Even if Plaintiff was correct on one or more of these assertions, it cannot be that a Plaintiff can defeat transfer merely by concocting facts not pled in the verified complaint and not supported by a declaration but that, should they turn out to be true, would create a connection to Plaintiff's chosen forum. This is especially so where the facts that are actually pled in the complaint clearly indicate an actual connection to the transferee forum. *See, e.g.,* Verified Complaint at ¶ 10, 14 (alleging that Rambus' principal place of business and executive offices are in California).

## II. THIS COURT SHOULD NOT CHANGE ITS RULING DEFERRING PWC'S RESPONSE TO THE COMPLAINT.

While the swift adjudication of matters is an important procedural goal, so are the "[i]nexpensive determination" of actions (*see* Fed. R. Civ. P. 1) and avoidance of inefficiencies and duplicative litigation. As noted in PwC's opening brief, this case, if transferred, would be consolidated with the existing derivative litigation pursuant to Judge Fogel's standing Consolidation Order. *See* PwC Mem. at 9. While it is true that

---

[2] And, under choice of law rules, California law would almost certainly apply to the claims in the instant case to the extent it conflicts with New York law. *See* PwC's Memorandum of Law in Support of its Motion to Transfer ("PwC Mem.") at 11.

PwC would eventually have to respond to some complaint, it is far from clear that it would be the *instant* complaint, with the possibility of amended pleadings upon consolidation and the involvement of other parties and counsel. Moreover, courts in similar circumstances have expressed a preference of leaving dispositive motions such as the motion to dismiss for the transferee jurisdiction. *See, e.g., APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 673 (S.D.N.Y. 1999). Finally, with the filing of this reply memorandum, this motion to transfer is now fully submitted. It would be far more efficient for the Court to consider this motion and make its ruling, and for whichever Court ends up hearing the case to decide a process and schedule for completing the pleadings and responses thereto.

## CONCLUSION

Based on the foregoing, defendant PricewaterhouseCoopers LLP respectfully requests that the Court transfer this action to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

DATED: October 30, 2007

DAVIS POLK & WARDWELL
By: *[signature] James H.R. Windels*
James H.R. Windels (JW 9726)
Brooke Grossman (BG 4749)
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Defendant
PricewaterhouseCoopers LLP