\*\*E-Filed 10/15/2007\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAMES M. KELLEY, MIKI W. LARSSON, and DOUGLAS B. KELLEY<br>　　　　　　　　　Plaintiffs,<br>　　v.<br>RAMBUS, INC., et al.,<br>　　　　　　　　　Defendants. | Case Number C 07-01238 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: docket nos. 99, 102, 105, 108, 109, 113, 118] |

　　Defendants Rambus, Inc. ("Rambus"), Pricewaterhouse Coopers ("PwC"), Wilson Sonsini Goodrich & Rosati ("WSGR"), John Danforth, Robert Eulau, and Edward Larsen (collectively "Defendants") move to dismiss the Consolidated Complaint filed by Plaintiffs, James M. Kelley, Miki W. Larsson, and Douglas B. Kelley (collectively, "Plaintiffs"). For the reasons discussed below, the motion will be granted with leave to amend.

**I. BACKGROUND**

　　Plaintiffs James M. Kelley and Miki W. Larsson initiated this action on March 1, 2007, alleging that they are Rambus shareholders who were damaged as a result of fraud on the part of Defendants. After filing their initial complaint, James M. Kelley and Larsson proceeded to

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-01238 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

amend their complaint three times without seeking leave of this Court or Defendants' consent. Plaintiff Douglas B. Kelley filed his complaint on May 8, 2007, and amended it as of right on June 15, 2007. The Court consolidated the two actions on June 25, 2007 and set a filing date for a consolidated complaint and a briefing schedule for any motion to dismiss. Plaintiffs filed their Consolidated Complaint on July 24, 2007. Defendants subsequently moved to dismiss the Consolidated Complaint pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Fed. R. Civ. Pro. 8, 9(b) and 12(b)(6) on August 10, 2007. The Court heard oral argument on September 7, 2007.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55. Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

## III. DISCUSSION

Defendant Rambus moves to dismiss Plaintiffs' Consolidated Complaint pursuant to the PSLRA and Fed. R. of Civ. Pro. 8, 9(b) and 12(b)(6). Defendants' PwC, WSGR, John Danforth, Robert Eulau, and Edward Larsen join in the motion.

Federal Rule of Civil Procedure 8 ("Rule 8") requires that claims be set out in short and plain terms. Plaintiffs' Consolidated Complaint is 228 pages in length (295 pages with exhibits) and contains 735 paragraphs. In addition, on August 3, 2007, Plaintiffs filed a request for

2

judicial notice of 842 pages of additional documents in support of their Consolidated Complaint without explanation as to how these documents support the Consolidated Complaint. Defendants argue that the Consolidated Complaint violates Rule 8 because it "is a morass of allegations regarding, *inter alia*, an alleged 'scheme of option backdating and spring-loading,' a 'submarine patent scheme,' various infringement suits and regulatory actions, a bond offering, and alleged insider trading." Rambus Motion To Dismiss Consolidated Complaint ("Rambus Motion"), 6:18-21. Defendants also assert that, "[l]oaded with multiple theories of conspiracies and wrongdoing, the [Consolidated] Complaint requires Rambus Defendants (and the Court) to jump back and forth to try to piece together the bases of Plaintiffs' numerous claims." *Id.*, 6:21-23. Finally, Defendants argue that, "[i]n their maze-like allegations spanning 13 years, plaintiffs lump all defendants together without specifying which defendant knew what when, to the point that some defendants are charged with statements made long before they joined or after they left Rambus." *Id.*, 7:9-12. Plaintiffs claim that such length is required to meet the heightened pleading standard of the PSLRA. Plaintiffs also argue that paragraphs 1 and 2 of the Consolidated Complaint comply with the requirements of Rule 8.

The judges of this court previously have dismissed securities class-action complaints for violations of Rule 8. *See In re LeapFrog Enters., Inc.* Sec. Litig., No. C-03-05421, 2006 WL 2192116 (N.D. Cal., Aug. 1, 2006); *In re Cornerston Propane Partners*, L.P., 335 F. Supp. 2d 1069, 1081(N.D.Cal. 2005); *In re Splah Tech. Holdings,* Inc. Sec. Litig., 160 F. Supp. 2d 1059, 1075 (N.D. Cal. 2001); *In re Autodesk, Inc*. Sec. Litig., 132 F. Supp. 2d 833, 842 (N.D. Cal., 2000); *Cooperstone v. TCSI Corp.*, No. C 97-3495, 1999 WL 33295869 (N.D. Cal. Jan. 19, 1999). In *In re Leapfrong Enters.*, Inc., Sec. Litig., 2006 WL 2192116 at *1, the court expressed "concern that the manner which the 147-page consolidated amended complaint is arranged makes it difficult, if not impossible, to evaluate the pleadings and determine whether the requirements of the [PSLRA] are met." This Court shares the same concern in the instant case. The heightened pleading standard is not an invitation to adopt a "kitchen-sink" approach to a pleading. Indeed, in another context requiring heightened pleading, the Ninth Circuit has noted that "[a] heightened pleading standard is not an invitation to disregard's Rule 8's requirement of

simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Further, the Court agrees with the Defendants that the Consolidated Complaint does not clearly define which allegations are asserted against whom. *See In re Cornerstone Partners*, L.P., 335 F. Supp. 2d at 1081 ("[F]ormat provides no clear sense of time line of defendants' alleged knowledge, nor particularized allegations as to the reasons for any given statement's alleged falsity."). For example, paragraph 1 of the Consolidated Complaint states that Defendants Rambus, PwC, and WSGR "colluded with one another in violation of their duties" and then provides a laundry list of alleged fraudulent activity without any indication of which party participated in the activity or how they colluded. Paragraph 2 of the Consolidated Complaint states that Defendants Dunlevie, Davidow, Geschke, Tate, and Mooring participated in an "ambush patent scheme." The remainder of the Consolidated Complaint appears to discuss these allegations, but it does not address how individual participants are tied into the allegations.

Viewed as a whole, the Consolidated Complaint requires both Defendants and the Court to guess as to which parties were involved in which allegedly fraudulent activity. In essence, the Consolidated Complaint appears to be a statement that wrongdoing occurred, that all Defendants somehow were involved, and that Plaintiffs therefore are entitled to damages. However, as the Supreme Court recently held, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-5 (2007). Because the Consolidated Complaint falls well short of this standard, it violates Rule 8. [2]

---

[2] As Defendants note in their papers, because the Consolidated Complaint violates Rule 8, it is difficult if not impossible to discern what facts support Plaintiffs' allegations and thus which of Defendants' arguments have merit. However, the Court advises Plaintiffs to consider the arguments made by Defendants pursuant to Fed. R. Civ. Pro. 12(b)(6) in carefully drafting any future amended complaint.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss the Consolidated Complaint is GRANTED. Because this is the first motion to dismiss decided by the Court and because Plaintiffs are acting *pro se*, the Court will grant Plaintiffs leave to amend. Any amended complaint shall not exceed fifty (50) pages in length (exclusive of exhibits). Plaintiffs' request for judicial notice of 842 pages of additional documents filed by Plaintiffs without explanation is DENIED. Any amended complaint shall be filed within thirty (30) days of the date of this Order.

DATED: October 15, 2007.

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

James M Kelley
14390 Douglass Lane
Saratoga, CA 95070

Miki W. Larsson
14390 Douglass Lane
Saratoga, CA 95070

Douglas B. Kelley
1887 Saint Andrews Place
San Jose, CA 95132

Ignacio Evaristo Salceda  isalceda@wsgr.com

Anthony I. Fenwick  anthony.fenwick@dpw.com

David Siegel  dsiegel@irell.com

Donald P. Gagliardi  dgagliardi@be-law.com

Justin S. Chang  jchang@shearman.com

Steve Shea Kaufhold  skaufhold@akingump.com

Felix Shih-Young Lee  flee@fenwick.com

Darryl Paul Rains  drains@mofo.com

Jonathan R. Bass  EfilingJRB@cpdb.com

Case No. C 07-01238 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC3)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28