UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HERBERT FRANCL, Derivatively on
Behalf of RAMBUS INC.,

        Plaintiff

  -against-

PRICEWATERHOUSECOOPERS LLP,

        Defendant,

  -and-

RAMBUS INC., a Delaware Corporation,

        Defendants.
------------------------------------------------------------------x

ORDER

07 Civ. 7650 (GBD)

GEORGE B. DANIELS, District Judge:

    Plaintiff Herbert Francl, shareholder of Rambus Inc. ("Rambus"), brings this action derivatively on behalf of Rambus against its independent public auditor, defendant PricewaterhouseCoopers ("PwC") and against nominal defendant Rambus. Defendant PwC moved to transfer the action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

    On May 30, 2006 Rambus announced that the Audit Committee of its Board of Directors had commenced an investigation into the company's process for granting stock options. Following the announcement, the first of several shareholder derivative actions based on an alleged backdating scheme was filed in the United States District Court for the Northern District of California. The case was assigned to the Honorable Jeremy Fogel, who later issued an order

stating that any "other actions now pending or later filed in this Court which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention."  On August 30, 2006, plaintiff mailed a letter to the Rambus Board of Directors demanding the commencement of legal action against various company officers and directors for breach of fiduciary duty, reckless management, and waste of corporate assets.  On October 18, 2006, in response to such shareholder demands, the Rambus board established a Special Litigation Committee ("SLC") to determine how the company should respond to the derivative actions.  On August 24, 2007, the SLC issued a report, announcing the settlement of claims against certain individual defendants in the consolidated action before Judge Fogel and recommending the termination of the claims against other individual defendants.

Shortly after the release of the report, plaintiff filed this action against PwC and nominal defendant Rambus.  Defendant PwC filed a timely motion to transfer, which nominal defendant Rambus joined.  Plaintiff opposed the transfer motion.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party must demonstrate by clear and convincing evidence that: "(1) the action is one that might have been brought in the proposed transferee forum; and (2) the transfer promotes convenience and justice.  Cartier v. D & D Jewelry Imports, 510 F. Supp. 344, 345-46 (S.D.N.Y. 2007) (citations omitted).  There is no dispute that this action could have been originally filed in the Northern District of California.  Thus, the decision to transfer depends on the convenience of parties and witnesses and the interests of justice.

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992). In considering a motion to transfer, district courts consider inter alia,: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).

A review of the complaint and the submissions in the instant action makes clear that, in the interest of justice and for the convenience of parties and witnesses, this action should be transferred to the Northern District of California. While the Southern District of New York is plaintiff's choice of forum, this Court finds all other relevant factors weigh heavily in favor of a transfer. The basic issue raised by Plaintiff in this case – whether there was options backdating at Rambus and who should be responsible for it – is an issue already being litigated in several actions pending in the Northern District of California. The first of said actions was filed in California over one year ago, well in advance of plaintiff's filing with this Court.

There is also little, if any, connection between the plaintiff's claims and this Court, or the parties and this Court. Plaintiff is a resident of Spain. Rambus is located in the Northern District of California, as is the PwC office that conducted the audits in question. The locus of operative facts is also within the Northern District of California. None of the events underlying or relevant to the plaintiff's claims – the alleged backdating by Rambus and PwC's audits – took place in the

the Southern District of New York. Rather, the complaint alleges that the events in question took place almost entirely within the Northern District of California. Plaintiff's argument that PwC's corporate headquarters are located in New York is unpersuasive, as the PwC office and almost all of the potential witnesses pertinent to this action are located in the Northern District of California, and none appear to be located in this district.

Defendants' motion to transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a) is GRANTED.

Dated: New York, New York

November 21, 2007                                SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge